**IN THE UNITED STATES
COURT OF INTERNATIONAL TRADE**

HUAIJI ENGINE VALVE USA, INC.

      Plaintiff,

    v.

UNITED STATES OF AMERICA;
UNITED STATES CUSTOMS AND
BORDER PROTECTION; and RODNEY
S. SCOTT, in his official capacity as
Commissioner of U.S. Customs and
Border Protection,

      Defendants.

Case No.:  26-03518

Hon._____

---

**COMPLAINT**

Plaintiff, Huaiji Engine Valve USA, Inc. ("Plaintiff" or "Huaiji"), states as follows against Defendant the United States of America ("United States") U.S. Customs and Border Protection ("CBP"), and CBP Commissioner Rodney S. Scott (collectively, "Defendants"):

1.    From February to April of 2025, President Donald Trump issued multiple executive orders to impose tariffs on goods imported from multiple countries based on the International Emergency Economic Powers Act of 1977, 50 U.S.C. § 1701 et seq., ("IEEPA Tariffs").

2.    Plaintiff is a US-based importer of record who has been assessed and paid IEEPA Tariffs on multiple entries since the very first executive order in February 2025.

3.    On February 20, 2026, the United States Supreme Court held that the IEEPA tariffs were unlawful and that IEEPA does not permit the President to impose tariffs. *See Learning Res., Inc. v. Trump*, 146 S. Ct. 628 (2026) (affirming *V.O.S. Selections, Inc. v. Trump*, 149 F.4th 1312 (Fed. Cir. 2025)).

4.     Since then, this Court has issued injunctions in multiple cases requiring CBP to liquidate or reliquidate entries that included IEEPA Tariffs and refund any duties paid with interest.

5.     While Defendants have offered importers of record the ability to obtain refunds of IEEPA Tariffs on some entries that meet specific requirements, namely those entries that are unliquidated or within 80 days of the 90-day voluntary reliquidation period following liquidation, *see* 19 U.S.C. §1501, CBP has not offered importers any ability to obtain refunds of paid IEEPA Tariffs for entries that have been "finally liquidated," that is more than 80 days past the date of liquidation.

6.     This action is necessary because Defendants have previously represented that it requires a court order to refund any IEEPA Tariffs for such entries more than 80 days past the liquidation date. *See V.O.S. Selections, Inc. v. Trump, et. al*, Case No. 1:25-cv-000066, ECF 105 at 11 (June 25, 2026) (Ct. Int'l Trade).

7.     This Court has now issued that order to "provide[] the Government with that legal authority" to process refunds of IEEPA Tariffs to all importers with entries beyond 80 days of the 90-day voluntary reliquidation period, and indicated that importers can obtain further assistance from the Court if necessary. *See Euro-Notions Florida, Inc. v. U.S. Customs and Border Protection, et. al.*, Case No. 1:25-cv-00595, ECF 52 (July 20, 2026) (Ct. Int'l Trade); *see also Princess Awesome, LLC et. al., v. U.S. Customs and Border Protection, et. al.*, Case No. 1:25-cv-00078, ECF 25 (July 15, 2026) (Ct. Int'l Trade); *see also Nexteer Automotive Corp. v. United States, et. al.*, Case No. 1:26-cv-03253, ECF 8 (July 28, 2026) (Ct. Int'l Trade).

8.     Plaintiff now seeks the same relief from this Court, namely an order directing CBP to refund Plaintiff all paid IEEPA Tariffs on Plaintiff's finally liquidated entries identified in this Complaint plus interest.

2

**PARTIES**

9.    Plaintiff Huaiji Engine Valve USA, Inc. is an Illinois corporation engaged in the manufacture, import and sale of valves and valve fittings in the United States. It frequently imports and acts as importer of record for merchandise from countries, primarily China, and pays duties on the same.

10.    Defendant United States is the federal defendant. The actions complained of herein were undertaken by its agency CBP, which is a component of the U.S. Department of Homeland Security ("DHS").

11.    Defendant CBP is a federal agency of the United States government and Defendant Rodney S. Scott is the Commissioner of CBP and is sued in his official capacity. Defendant CBP and Defendant Commissioner Scott are located in the District of Columbia with its principal office at 1300 Pennsylvania Avenue, N.W., Washington, D.C. 20229. CBP is an agency within DHS. Among its duties, CBP is the agency that collected the IEEPA Tariffs paid by Plaintiff.

12.    Pursuant to USCIT Rule 4(h), Defendant United States of America may be served by delivering or sending a copy of the summons and complaint to the Attorney-in-Charge, International Trade Field Office, Commercial Litigation Branch, U.S. Department of Justice.

13.    Pursuant to USCIT 4(h)(2), Defendant CBP and Commissioner Scott may be served by serving the United States and also sending a copy of the summons and complaint by registered or certified mail, return receipt requested, to the agency, corporation, or officer or employee. Specifically, CBP and Commissioner Scott may be served by sending the summons and complaint by registered or certified mail to Office of Chief Counsel, U.S. Customs and Border Protection, 1300 Pennsylvania Avenue, Suite 4.4-B, Washington, D.C., 20229.

**STANDING AND JURISIDCTION**

14.    Plaintiff has standing to bring this Complaint because on or after February 4, 2025, Plaintiff imported merchandise from China and paid IEEPA Tariffs on these entries.  Plaintiff also has standing under 28 U.S.C. § 2631(i).  Lastly, Plaintiff also has standing under 5 U.S.C. § 702 because it paid IEEPA Tariffs that were later found to be unlawful, and an order from this Court requiring CBP to refund the IEEPA Tariffs paid with interest would redress those injuries.

15.    This Court has jurisdiction over this action under 28 U.S.C. § 1581(i). *See Learning Res., Inc.*, 146 S. Ct. 628, 637, fn. 1.

16.    "The Court of International Trade shall possess all the powers in law and equity of, or as conferred by statute upon, a district court of the United States."  28 U.S.C. § 1585.

17.    The Court may also order any form of relief "necessary to enable it to reach the correct decision" including issuing orders and injunctive relief, directing agency action, and money judgments.  28 U.S.C. § 2643.

**TIMELINESS**

18.    An action brought under 28 U.S.C. § 1581(i) must be commenced "within two years after the cause of action first accrues."  28 U.S.C. § 2636(i).

19.    This action was timely commenced within two years of liquidation of Plaintiff's entries with IEEPA Tariffs and first payment of IEEPA Tariffs.  Further, this action is timely because it commenced within two years of the first February 2025 executive order implementing the unlawful IEEPA Tariffs.

**LEGAL BACKGROUND AND CAPE**

20.    On February 1, 2025, citing IEEPA, the President issued Executive Order 14193, *Imposing Duties To Address the Flow of Illicit Drugs Across Our Northern Border*, 90 Fed. Reg. 9113 (Feb.

7, 2025), Executive Order 14194, *Imposing Duties To Address the Situation at Our Southern Border*, 90 Fed. Reg. 9117 (Feb 7, 2025), and Executive Order 14195, *Imposing Duties To Address the Synthetic Opioid Supply Chain in the People's Republic of China*, 90 Fed. Reg. 9121 (Feb. 7, 2025) imposing a 25% *ad valorem* tariff on products of Canada, a 25% *ad valorem* tariff on products of Mexico, and a 10% *ad valorem* tariff on products of China.

21.    On March 3, 2025, citing, *inter alia*, authority under IEEPA, the President issued Executive Order 14288, *Further Amendment to Duties Addressing the Synthetic Opioid Supply Chain in the People's Republic of China*, 90 Fed. Reg. 11,463 (Mar. 7, 2025), to increase Executive Order 14195's 10% *ad valorem* tariff on products of China to 20% *ad valorem*.

22.    On April 2, 2025, citing, *inter alia*, authority under IEEPA, the President issued Executive Order 14257, *Regulating Imports With a Reciprocal Tariff To Rectify Trade Practices That Contribute to Large and Persistent Annual United States Goods Trade Deficits*, 90 Fed. Reg. 15,041 (Apr. 7, 2025), imposing a baseline 10% *ad valorem* tariff on products from the vast majority of the United States' trading partners globally, and an 11%-50% additional *ad valorem* tariff based on each country as enumerated in Annex I of Executive Order 14257.

23.    Citing, *inter alia*, authority under IEEPA, on April 8, 2025, the President issued Executive Order 14259, *Amendment to Reciprocal Tariffs and Updated Duties as Applied to Low-Value Imports From the People's Republic of China*, 90 Fed. Reg. 15,509 (Apr. 14, 2025), to increase the ad valorem tariff on products of China from 34% to 84%, and on April 9, 2025, the President issued Executive Order 14226, *Modifying Reciprocal Tariff Rates To Reflect Trading Partner Retaliation and Alignment*, 90 Fed. Reg. 15,625 (April 15, 2025), to increase the ad valorem tariff on products of China from 84% to 125% while also pausing other IEEPA Tariffs on other countries in Annex I of Executive Order 14226 for 90 days.

24.    Since the first executive order in February 2025, importers *including Plaintiff* have been assessed by and have paid to Defendants IEEPA Tariffs on imported merchandise.

25.    On May 28, 2025, a three-judge panel of this Court found that the President exceeded his authority under IEEPA by imposing the IEEPA Tariffs, and issued an injunction prohibiting the Government from assessing and collecting such tariffs, a decision that was upheld on appeal by the United States Court of Appeals for the Federal Circuit sitting *en banc* on August 29, 2025. *V.O.S. Selections, Inc. v. Donald J Trump*, 772 F. Supp. 3d. 1350, 1383 (Ct. Int'l Trade 2025), *aff'd*, 149 F.4th 1312 (Fed. Cir. 2025).

26.    Then, on February 20, 2026, the United States Supreme Court agreed with this Court and the Federal Circuit, holding that the IEEPA tariffs were unlawful and that IEEPA does not permit the President to impose the IEEPA Tariffs.  *See Learning Res., Inc.,* 146 S. Ct. 62 (affirming *V.O.S. Selections, Inc.*, 149 F.4th 1312 (Fed. Cir. 2025)).

27.    On March 4, 2026, this Court ordered the United States and CBP to liquidate unliquidated entries without regard to IEEPA Tariffs and reliquidate entries where liquidation is not final without regard to IEEPA Tariffs. *Atmus Filtration, Inc. v. United States*, Case No. 26-01259, ECF 21 (Mar. 4, 2026) (Ct. Int'l Trade).

28.    Shortly after, CBP developed functionality of the Consolidated Administration and Process of Entries ("CAPE"), and online portal and extension of the ACE System that allowed importers to submit requests for liquidation or reliquidation (i.e., refunds of IEEPA Tariffs).

29.    On April 20, 2026, CBP launched CAPE functionality that permitted importers to submit applications to obtain refunds of IEEPA Tariffs for certain entries in Phase 1, namely entries that are (i) unliquidated; or (ii) within 80 days of liquidation (entries within 80 days of the 90-day voluntary reliquidation period, *see* 19 U.S.C. §1501).

30. On June 29, 2026, CBP added functionality to CAPE to accommodate additional entry types in Phase 2, namely entries flagged for reconciliation (entry types 01, 02, 06) for which the reconciliation entry (entry type 09) has not been filed.

31. On July 7, 2026, CBP clarified that only warehouse withdrawal entries (Entry Types 31, 32, 34, 38) would be accepted in CAPE, and that Entry Types 21 and 22 would no longer be accepted.

32. However, CBP has not expanded CAPE functionality or its refunds of IEEPA Tariffs to entries that are more than 80 days past liquidation ("Finally Liquidated Entries").

33. On Finally Liquidated Entries, Defendants have asserted in filings in other, similar litigations that "it cannot reliquidate entries without a court order." *V.O.S. Selections, Inc., et. al.*, Case No. 1:25-cv-00066, ECF 105 at p. 11 (Jun. 25, 2026) (Ct. Int'l. Trade).

34. Moreover, Defendants have stated that "it does not object" to the Court ordering reliquidation of entries where unlawful IEEPA Tariffs were paid, and "even if future entries are liquidated, defendants do not intend to oppose the Court's authority to order reliquidation . . . . Such reliquidation would result in a refund of all duties determined to be unlawfully assessed, with interest." *AGS Co. Auto. Sols. v. U.S. Customs & Border Prot.*, 813 F. Supp. 3d 1298, 1300-1301 (Ct. Int'l Trade 2025).

35. To accommodate Defendants' position, this Court issued an order to provide the Government with the authority it needs to begin reliquidating Finally Liquidated Entries without regard to unlawful IEEPA Tariffs and refund those tariffs to importers of record who have paid such unlawful IEEPA Tariffs, with interest. *See Euro-Notions Florida, Inc.*, Case No. 1:25-cv-00595, ECF 52 (July 20, 2026) (Ct. Int'l Trade); *see also Princess Awesome, LLC et. al.,* Case No.

7

1:25-cv-00078, ECF 25 (July 15, 2026) (Ct. Int'l Trade); *see also Nexteer Automotive Corp. v. United States, et. al.*, Case No. 1:26-cv-03253, ECF 8 (July 28, 2026) (Ct. Int'l Trade).

**STATEMENT OF FACTS**

36.    Plaintiff incorporates the paragraphs above as though they were restated here.

37.    Beginning on February 4, 2025 and continuing at least through May 14, 2025, Plaintiff Huaiji Engine continuously imported multiple entries containing valve products and valve system components into the United States from China ("Entries). The Entries are identified in **Exhibit A** of this Complaint.

38.    Upon importation of the Entries, Plaintiff was required to pay all estimated tariffs, including IEEPA Tariffs, pursuant to the President's Executive Orders. *See Supra*, ¶¶ 19-22. Then, upon liquidation of the Entries, Defendant CBP assessed and collected the IEEPA Tariffs on Plaintiff's merchandise in the Entries from Plaintiff.

39.    Plaintiff attempted to seek reliquidation and refunds of the Entries through CAPE, but the Entries were rejected with the following error message: "ENTRY SUMMARY IS IN FINAL LIQUIDATION STATUS," meaning that it was rejected for being 80 days past its liquidation date.

40.    Now that Defendants have made clear that it requires a court order to process reliquidation and refunds of paid IEEPA Tariffs on Finally Liquidated Entries and this Court has begun entering such orders, Plaintiff now seeks the same relief for its Entries in the form of an order from this Court directing Defendants to reliquidate the Entries without regard to IEEPA Tariffs and refund Plaintiff IEEPA Tariffs paid on those Entries.

**COUNT I – Refund of IEEPA Tariffs Paid Plus Interest**

41.    Plaintiff incorporates the paragraphs above as though they were restated here.

42.    This Court has "the explicit power to order reliquidation and refunds where the government has unlawfully exacted duties." *AGS Co. Auto. Sols.*, 813 F. Supp. 3d 1298, 1302 (quotation and citation omitted).

43.    Where the government has extracted unlawful payments such as IEEPA Tariffs, due process requires it to provide "post payment relief" including refund of such payments made. *See McKesson Corp. v. Div. of Alcoholic Beverages & Tobacco, Dep't of Bus. Regul. of Fla.*, 496 U.S. 18 (1990).

44.    Defendants have indicated that it will "not object" or contest the Court's authority if the Court orders refunds IEEPA Tariffs and reliquidation of Finally Liquidated Entries like Plaintiff's Entries without regard to IEEPA Tariffs. *AGS Co. Auto. Sols.*, 813 F. Supp. 3d 1298, 1300-1302.

45.    Further, Defendants have stated that it requires a court order to reliquidate Finally Liquidated Entries like Plaintiff's Entries without regard to IEEPA Tariffs. *V.O.S. Selections, Inc., et. al.*, Case No. 1:25-cv-00066, ECF 105 at p. 11 (Jun. 25, 2026) (Ct. Int'l. Trade).

46.    This Court issued an order to provide the Government with the authority it needs to begin reliquidating Finally Liquidated Entries without regard to unlawful IEEPA Tariffs and refund those tariffs to importers of record who have paid such unlawful IEEPA Tariffs, with interest. *See Euro-Notions Florida, Inc.*, Case No. 1:25-cv-00595, ECF 52 (July 20, 2026) (Ct. Int'l Trade); *see also Princess Awesome, LLC et. al.,* Case No. 1:25-cv-00078, ECF 25 (July 15, 2026) (Ct. Int'l Trade); *see also Nexteer Automotive Corp. v. United States, et. al.*, Case No. 1:26-cv-03253, ECF 8 (July 28, 2026) (Ct. Int'l Trade).

47.    Further, the Court indicated that "Plaintiffs needing the court's assistance may, in accordance with the applicable time periods in the USCIT Rules, move to lift the stay on their case

9

and file a motion to reconsider this order or otherwise move." *Euro-Notions Florida, Inc.*, Case No. 1:25-cv-00595, ECF 52 (July 20, 2026) (Ct. Int'l Trade).

48.    Plaintiff has paid IEEPA Tariffs on the Entries and is entitled to similar relief that this Court has already provided to other importers: An order that CBP refund Plaintiff the IEEPA Tariffs that Plaintiff has paid to Defendants with interest as allowed by law.

49.    Furthermore, CBP is now requiring Plaintiff to expend attorney's fees and costs to file litigation to obtain refunds of IEEPA Tariffs paid on the Entries, despite IEEPA Tariffs being declared unlawful and this Court ordering refunds to importers who have paid such unlawful tariffs.

50.    As such, Plaintiff is also entitled to the attorney's fees and costs required to obtain IEEPA refunds on the Entries in the present Complaint.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter an order (1) directing Defendants to reliquidate Plaintiff's Entries identified in Exhibit A of this Complaint without regard to IEEPA Tariffs and refund to Plaintiff all IEEPA Tariffs paid with interest as provided by law; (2) award Plaintiff attorneys' fees and all other reasonable expenses and costs incurred as a result of this action under 28 U.S.C. § 2412; and (3) award any other relief this Court deems just and proper under 28 U.S.C. § 2643.

Respectfully submitted,

/s/ Mark V. Heusel

Mark V. Heusel
Jacob L. Clark
**DICKINSON WRIGHT PLLC**
350 S. Main Street, Suite 300
Ann Arbor, MI 48104
(734) 623-1908
mheusel@dwlaw.com
jlclark@dwlaw.com
*Attorneys for Plaintiff Huaiji*
*Engine Valve USA, Inc.*

**DATE:**  August 7, 2026

11